30 F.3d 134
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary L. MINTER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH OF HUMAN SERVICES, Defendant-Appellee.
 No. 93-2521.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 Before: MILBURN and BATCHELDER, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Mary L. Minter appeals a district court judgment affirming the Secretary's denial of her application for social security disability insurance benefits. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Minter filed an application for social security disability insurance benefits with the Secretary alleging that she suffered from asthma, hypertension, and diabetes. Following a hearing, an administrative law judge (ALJ) determined that Minter was not disabled because she had the residual functional capacity to perform her previous type of work. The Appeals Council declined to review the ALJ's determination.
 
 
 3
 Minter then filed a complaint seeking review of the Secretary's decision. A magistrate judge recommended that the Secretary's decision be affirmed. After Minter filed objections, the district court adopted the magistrate judge's recommendation, affirmed the denial of benefits, and granted summary judgment to the Secretary.
 
 
 4
 Upon review, we determine that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The ALJ properly disregarded the disability determination by Minter's treating physician because the physician's opinion was not supported by objective medical evidence in the record. See Villarreal v. Secretary of Health and Human Servs., 818 F.2d 461, 463 (6th Cir.1987) (per curiam). Furthermore, a disability determination is the prerogative of the Secretary, not the treating physician. Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779-80 (6th Cir.1987). Finally, the ALJ properly rejected Minter's testimony as not credible because her complaints were not supported by the medical evidence in the record. See Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam).
 
 
 5
 Accordingly, we affirm the district court's judgment.